## MARTIN A. JOY
### v.
## AULTMAN & TAYLOR MANUFACTURING COMPANY.

1. RE-DOCKETING CAUSE—NOTICE TO TAKE DEPOSITIONS.—Where a party failed to take the proper steps to have a cause re-docketed, and for this reason the motion to re-docket is overruled, and afterward, upon proper notice the cause is re-docketed, a notice to take depositions served in the interim and before the cause is properly on the docket, is of no avail, and it is not error to suppress depositions taken in pursuance of such notice.

2. JUDGMENT NOT REVERSED FOR ERROR IN INSTRUCTIONS.—Where it is apparent from the whole record that substantial justice has been done, the judgment will not be reversed for a technical error in an instruction.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed September 26, 1882.

Mr. IRA J. BLOOMFIELD, for appellant; that the statute relating to service of notice upon non-residents to re-instate a case is permissive, not mandatory, cited Fowler v. Perkins, 77 Ill. 271; State v. H. & St. J. R. R. Co. 51 Mo. 532; Dean v. White, 5 Iowa, 266.

Notice upon the agent is sufficient: Parmely v. Buckley, 14 Chicago Legal News, 282.

In order to vitiate a sale on the ground of fraud both the buyer and seller must participate in the intent to defraud: Miller v. Kirby, 74 Ill. 242; Herbalrath v. Stookey, 63 Ill. 487; Anderson v. Warner, 5 Bradwell, 420; Waterman v. Donaldson, 34 Ill. 27; Dudley v. Danforth, 61 N. Y. 636.

Mr. WALTER M. HATCH, for appellee; that where a judgment is clearly right, it will not be reversed for errors in instructions: Smith v. Binder, 75 Ill. 492; Chicago v. Hesing, 83 Ill. 204; Hiner v. Jeanpert, 65 Ill. 428.

The verdict will not be disturbed unless manifestly against the weight of the evidence: Twining v. Martin, 65 Ill. 157; De Clerq v. Mangin, 46 Ill. 112; Dietrich v. Ramsey, 45 Ill. 209; McKichan v. McBean, 45 Ill. 228.

Fraud can rarely be proved directly, but must be inferred

from all the circumstances of the case: Bryant v. Simoneau, 51 Ill. 324; Reed v. Noxan, 48 Ill. 312; Gill v. Crosby, 63 Ill. 196.

PER CURIAM. The orders of court made in this cause show that on the 12th day of September, 1881, that being the first day of term, appellant moved the court to re-instate the cause upon the docket upon a remanding order from this court, which motion the court, two days afterward, denied. On the 27th day of the same month appellant again moved the court to re-docket the cause, which motion was allowed. Appellee thereupon entered a motion to suppress certain depositions of appellant and of one Charles C. Joy. The record is then silent until the 24th day of October, when the first of these motions was sustained, and on the 26th the second was overruled. No further orders appear to have been made until the November term when a trial was had, a verdict rendered for appellee, and appellant entered his motion for a new trial. At the February term, 1882, motion for new trial was overruled, judgment was rendered for appellee, an appeal was prayed and allowed, and sixty days given wherein to file a bill of exceptions.

No bill of exceptions was taken at the September term to any action of the court then had, nor was any leave granted to file one at a future day. The bill of exceptions filed on the 13th day of February, 1882, attempts to call in question certain proceedings of the circuit court at the September term, in sustaining a motion of appellee to strike the cause from the docket for want of proper notice of an intention to re-docket it, and in suppressing appellant's own depositions for the reason assigned among others, that the *dedimus* had been sued out before the case was properly in court, and that no sufficient notice of the suing out of such *dedimus* had been given appellee. That part of the bill of exceptions which recites the proceedings of court at the September term, if we are permitted to notice it at all, does show the entry of such motions, and the hearing of evidence in support thereof, but the transcript of the proceedings of court, made up in term time, nowhere shows that the court ever made any order in re-

lation to the first motion.  It shows that the motion to re-docket was denied on the 14th day of September.  The bill of exceptions shows that on the same day appellant served appellee with a new notice of an intention to re-docket the cause at a future day in the term.  On the same day appellee entered of record a motion to suppress the depositions in question, its appearance having been limited to the purposes of such motion only.  Up to this point the record shows no appearance on behalf of appellee, and if, as contended, its motion to strike the cause from the docket was on file before then, the necessity for such motion had been wholly superseded by the refusal of the court to allow the cause to be docketed.

The bill of exceptions fails to show when the motions to suppress these depositions were heard but we learn from the orders of court that the hearing was had on the 24th day of October, nearly a month after the cause had been re-docketed in pursuance of the new notice served on the 14th day of September.  The bill of exceptions then concludes this branch of the case with this recital:  "And the court sustained said motions, to which ruling of the court the plaintiff then and there excepted."  This exception can apply to no other than the order of court sustaining appellee's motion to suppress the depositions, for the record nowhere shows any order of court upon the motion to strike the cause from the docket.  Owing to the meagerness with which this branch of the case is set out in the abstract, we have given as much time to the examination of the transcript as we could, consistently with the proper dispatch of business before the court, and from such examination we can give the bill of exceptions no other interpretation than that above given to make it accord with other parts of the record.

We therefore find that no exception has ever been taken to the order of the court in denying appellant's motion to re-docket the cause on the 14th day of September.  For that reason we can not now re-examine that action of the court, nor could it be attacked collaterally upon a motion to suppress depositions, although the entire history of the transaction is spread out before us.  And even if the court did commit an error in this particular, it seems to us that appellant immedi-

ately waived the error, by giving a new notice and proceeding to have the case re-docketed upon a new motion.

It being thus judicially determined that the cause was not properly in court, it would necessarily follow that all steps taken in it by appellant up to that time were void. Then although the notice to take depositions which had been served upon appellee in vacation might in all other respects have been regular, yet because it was served before appellant had put himself in condition to move in the case, appellee was not bound to give any heed to such notice. The court therefore committed no error in suppressing the depositions taken in pursuance of such notice.

It appears that although appellant resides in the State of Texas, his deposition was taken in about fifteen days from the service of notice in the State of Ohio. The cause was continued from the September term until the November term, without any effort being made, so far as this record shows, to re-take it. We reversed the former judgment for the reason, the court below had overruled a motion to suppress a former deposition of appellant for a ·failure to make full answers to certain interrogatories touching the good faith of his title to the property in question, propounded to him on cross-examination. The present deposition was taken without any cross-examination whatever. If under the circumstances stated, he had made a new effort to have had his own deposition taken, and if he had been denied a reasonable opportunity for doing so, this branch of his case would now stand in a much more favorable light before this court.

We have carefully examined the evidence given on the trial and find it so strongly supports the verdict that slight errors in the instructions ought not to overturn it. The rule laid down in appellee's seventh instruction respecting fraudulent sales is justly subject to criticism, and it ought not to have been given without modification. But in view of the character of the evidence upon this point, we do not well see how the jury even under technically proper instructions could have come to any other conclusion. Considering as we do that justice has been done we affirm the judgment.

Judgment affirmed.